UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
ISSAC McDONALD,

                Plaintiff,

  -v-                                                9:06-CV-0410
                                                      (LEK/DEP)

ISRAEL RIVERA, *Superintendent*;
H.D. GRAHAM, *Superintendent*; GARY
COSTONAS, *Captain*; M. WILDERMUTH,
*Correctional Officer*; and J. FRAZIER,
*Correction Officer*,

                Defendants.
--------------------------------------------------------

APPEARANCES:

ISSAC McDONALD
Plaintiff, *pro se*

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## DECISION and ORDER

      Presently before the Court is a Second Amended Complaint filed by Plaintiff Issac McDonald ("Plaintiff"). See Sec. Am. Compl. (Dkt. No. 16). This Second Amended Complaint was filed by McDonald in compliance with Orders issued by this Court on May 31, 2006, and October 19, 2006. See Dkt. Nos. 8, 14.

      In the October 2006 Order, this Court advised Plaintiff that the denial of one meal and one recreation period does not support a claim for deprivation of constitutional rights. See October 2006 Order (Dkt. No. 14) at 2. Plaintiff was also advised that mere threats do not rise to the level of a constitutional violation. Id. Plaintiff was further advised that he

must specifically name and make allegations against each Defendant in the body of his Amended Complaint. Id.

In his Second Amended Complaint, Plaintiff continues to allege that Defendant Wildermuth threatened him and denied him a meal and a recreation period. See Sec. Am. Compl. (Dkt. No. 16) at 2-3. Plaintiff further alleges that Defendant Wildermuth filed a false misbehavior report in retaliation for Plaintiff speaking with a sergeant. Id. Plaintiff also alleges that Defendant Frazier filed a false misbehavior report in retaliation for Plaintiff filing grievances, and that Defendants Rivera and Costanas were repeatedly notified of these constitutional violations and yet failed to act. Id. at 4-5.

Plaintiff's Second Amended Complaint mentions H.D. Graham only in the caption and list of parties, see id. at 1-2, and fails to allege any act or omission by Graham. Where a defendant is listed in the caption but the body of the complaint fails to indicate what the defendant did to the plaintiff, or "fails to allege any act or omission by" the defendant, dismissal is appropriate. Gonzalez v. City of New York, No. 97 CIV. 2246(MGC), 1998 WL 382055, at *2 (S.D.N.Y. Jul. 9, 1998) (citing Crown v. Wagenstein, No. 96 CIV. 3895(MGC), 1998 WL 118169, at *1 (S.D.N.Y. Mar. 16, 1998) (mere inclusion of warden's name in complaint insufficient to allege personal involvement); Taylor v. City of New York, 953 F. Supp. 95, 99 (S.D.N.Y. 1997) (same)). Because Plaintiff has failed to allege any personal involvement on the part of Defendant Graham in a constitutional deprivation of Plaintiff's right to medical care, Graham is hereby dismissed as a Defendant in this action.

Since Plaintiff, who is proceeding *pro se*, has made some attempts to comply with

the prior Orders of this Court, the Court will accept the Second Amended Complaint for filing.

WHEREFORE, it is hereby

**ORDERED**, that **"H.D. Graham" is DISMISSED** as a Defendant in this action; and it is further

**ORDERED**, that the Clerk shall issue summonses and forward them, along with copies of the Second Amended Complaint (Dkt. No. 16), to the United States Marshal for service upon Defendants, together with a copy of this Order.[1]  The Clerk shall also forward a copy of the summons and Second Amended Complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Order; and it is further

**ORDERED**, that a formal response to Plaintiff's Complaint be filed by Defendants or their counsel as provided for in the *Federal Rules of Civil Procedure* subsequent to service of process on Defendants; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action shall be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel.  Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly**

---

[1] Plaintiff has been granted leave to proceed with this action *in forma pauperis*. See May 2006 Order (Dkt. No. 8).

**states that an identical copy was served upon all opposing parties or their attorneys is to be returned without processing.**  Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  Motions must comply with Local Rule 7.1 of the Northern District of New York and are to be made returnable before the assigned Magistrate Judge on any business day with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office of any change in his address; his failure to do this will result in the dismissal of the instant action.**  All motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED**.

DATED:     January 23, 2007
           Albany, New York

Lawrence E. Kahn
U.S. District Judge